**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AMBER MICHELLE MOONEY, LINDSEY JONES, and AMBER MICHELLE MOONEY,**

**Plaintiffs,**

**v.** **Case No. 8:25-cv-1698-MSS-AAS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendant.**
______________________________________/

# ORDER

Plaintiffs Amber Michelle Mooney, Lindsay Jones, and Amber Michelle Mooney (collectively, the plaintiffs) move to compel the testimony of Vaughn Mongan and David Rissman, Esq., or, in the alternative, to exclude all attorney-client communications between Attorney Rissman and Mr. Mongan, including State Farm's claim file notes. (Doc. 58). Defendant State Farm Mutual Automobile Insurance Company (State Farm) opposes the plaintiffs' motion to compel only as to the alternative request for relief to exclude State Farm's claim file notes or otherwise restrict State Farm's ability to use its contemporaneous claim notes in the defense of this action. (Doc. 59).

## I. BACKGROUND

This is a third-party bad faith action arising out of State Farm's handling of multiple competing bodily injury claims presented against its insured, Mr. Mongan, following a September 3, 2021 motor vehicle accident that resulted in the death of Donna Rein. (Doc. 1-1). State Farm insured Mr. Mongan under a policy providing coverage of $100,000.00 per person and $300,000.00 per incident.

State Farm hired the law firm of Rissman, Barrett, Hurt, Donahue, McLain & Mangan, P.A. (the Rissman Firm) as defense counsel for Mr. Mongan. On March 15, 2022, the Estate of Rein served a $100,000.00 Offer of Judgment and Proposal for Settlement directed to Mr. Mongan that, if accepted, would have fully protected him from personal financial exposure on Rein's wrongful-death claim. (Doc. 58, Ex. A). The proposal for settlement expired without acceptance from State Farm. After three global settlement conferences, on May 16, 2022, State Farm exhausted the policy's $300,000.00 per incident limit, resolving the claims of the vehicle's co-occupants and leaving nothing for the Rein Estate.

To justify the decision to let the proposal of settlement expire, State Farm relies in part on the substance of communications between Mr. Mongan and his defense counsel. A State Farm claim note, written by adjuster Michael

Fong on April 14, 2022, records a call with Attorney Rissman: "He confirms he spoke to NI Vaughn Mongan about the [proposal for settlement] for Estate of Donna Rein. This was done shortly after the [proposal for settlement] was presented to [State Farm]. He gave the options of if [the proposal for settlement] was paid or not paid and his potential liability." (Doc. 58, Ex. B). An additional claim file note also documents the insured's purported agreement: "The insured has been advised [of] the [proposal for settlement] and understands excess exposure. He supports whatever decision [State Farm] makes regarding the [proposal for settlement]. We agree to allow the [proposal for settlement] of Rein to expire." (Doc. 58, Ex. C).

On January 22, 2026, Mr. Mongan appeared for deposition and declined to waive his attorney-client privilege concerning communications with his defense counsel. (Doc. 59, Ex. 1, pp. 21:1–22:16). When the plaintiffs inquired into the basis for State Farm's assertions at Attorney Rissman's June 26, 2026, deposition, the Rissman Firm, through Dante Rohr, Esq., invoked the privilege. When asked to state, "everything [he] communicated to [his] client, Mr. Mongan, about the proposal for settlement and any options that would accrue if it was allowed to expire," Attorney Rohr objected and instructed Attorney Rissman not to answer. (Doc. 58, Ex. E, pp. 28:17–32:12). When asked what Mr. Mongan "said that indicated an understanding of the risks that he

would be exposed to if the proposal for settlement was not accepted," Attorney Rohr again instructed Attorney Rissman not to answer. (*Id.*). Counsel stipulated that he would assert the privilege and instruct the witness not to answer "any question . . . that would in any way even remotely bring in an inference of an attorney-client privileged communication between Mr. Rissman or the law firm and their client, Vaughn Mongan." (*Id.*). State Farm's counsel neither asserted the privilege nor instructed Attorney Rissman not to answer any questions. (*Id.*, pp. 28:22–29:11, 72:7–73:25].

The plaintiffs now move for an order compelling Mr. Mongan and Attorney Rissman to answer deposition questions concerning the basis for the assertions that the consequences of allowing the Rein proposal for settlement to expire were explained to Mr. Mongan and that he understood and agreed to that decision, limited to the subject matter of the Rein proposal for settlement and the consequences of its expiration. (Doc. 58). In the alternative, the plaintiffs request to exclude from evidence and from State Farm's use at trial or in dispositive motion practice all attorney-client communications between Attorney Rissman and Mr. Mongan, including the claim-file notes on which State Farm relies. (*Id.*).

In response, State Farm takes no position on whether Mr. Mongan or Attorney Rissman should be compelled to provide additional testimony

concerning their attorney-client communications because the privilege belongs to Mr. Mongan. (Doc. 59). However, State Farm opposes the plaintiffs' alternative request to exclude State Farm's claim file notes or otherwise restrict State Farm's ability to present evidence in the defense of this action. (*Id.*).

## II. ANALYSIS

District courts enjoy broad discretion over the management of discovery. *Baker v. Welker*, 438 F. App'x 852, 855 (11th Cir. 2011) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). If a deponent fails to answer a question during a deposition, a party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B). Under Federal Rule of Civil Procedure 30(c), a party's objection during a deposition "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* "The use of the instruction not to answer, absent the limited circumstances set forth in Rule 30(c)(2) [ ] is disfavored by the court . . ." Middle District Discovery (2021) at Section II.B.

In a diversity action such as this one, the attorney-client privilege is

governed by state law. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 2017 WL 8314668, at *2-3 (M.D. Fla. June 13, 2017) (citations omitted). The attorney-client privilege protects "confidential communications made in the rendition of legal services to the client." *S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994) (citing Fla. Stat. § 90.502); *see also Batchelor v. Geico Cas. Co.*, 142 F. Supp. 3d 1220, 1242 & n.45 (M.D. Fla. 2015) (same).

Although Florida law recognizes that a client may waive the attorney-client privilege either expressly or by implication, waiver of the attorney-client privilege is disfavored. Fla. Stat. § 90.507; *Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 508 (Fla. 2nd DCA 2006). Florida courts have found an "at-issue" waiver "when a party 'raises a claim that will necessarily require proof by way of a privileged communication.'" *Coates*, 940 So. 2d at 508; *see also Lee v. Progressive Express Ins. Co.*, 909 So. 2d 475, 477 (Fla. 4th DCA 2005) ("[I]f proof of the claim would require evidence of the privileged matter, the privileged matter is discoverable."). Florida courts also recognize a "sword and shield" (or "selective disclosure") waiver, which results "[w]hen attorney-client communications are disclosed regarding a certain matter." *Coates*, 940 So. 2d at 511. Under such circumstances, "a party may not insist upon the

protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving." *Id.* Instead, the party is deemed to have impliedly waived the privilege "with respect to communications on that same, specific matter." *Id.* (citation omitted).

Under Florida Statute § 90.502, the attorney-client privilege belongs to the client, and only the client may waive that privilege. *See Akerman LLP v. Cohen*, 352 So. 3d 331, 337 (Fla. 4th DCA 2022) (recognizing that only the client may waive the attorney-client privilege). In addition, an insurer cannot waive another individual's privilege merely because the privileged information may assist in establishing its defense. *See Kesler v. Progressive Select Ins. Co.*, 434 So. 3d 780, 789 (Fla. 2d DCA 2026) (holding that an insurer's need for privileged information to establish its defense does not authorize it to waive the privilege on behalf of the privilege holder).

Mr. Mongan asserted the privilege and has not waived it. (Doc. 58, Ex. D, pp. 21:1–22:25). As the insurer in the insurer–insured–defense-counsel relationship, State Farm may assert and protect Mr. Mongan's privilege against third parties, but it cannot waive the privilege on his behalf. *Kesler v. Progressive Select Ins. Co.*, 434 So. 3d 780, 789 (Fla. 2d DCA 2026) ("the fact that [the insurer] may need the evidence to prove its defense does not give it the power to waive [the insured's] privilege."). Within that relationship, "[t]he

attorney-client privilege does not generally attach as to communications between an insurer, the insured, and the attorney hired to represent the insured . . . because these parties agreed to a representation of common interests," so "no party can claim the privilege against another party in the tripartite relationship." *Travelers Indem. Co. of Conn. v. Old Dominion Ins. Co.*, No. 8:19-cv-466-T-30AAS, 2020 WL 5701816, at *2 (M.D. Fla. Sep. 24, 2020) (citation omitted). But those common-interest communications remain "protected by the attorney-client privilege from discovery by third parties," and "any of the three in the relationship could claim privilege against a third party." *Progressive Express Ins. Co. v. Scoma*, 975 So. 2d 461, 467 (Fla. 2d DCA 2007). State Farm received the communications lawfully as a co-client and may assert Mr. Mongan's privilege against the plaintiffs, but it cannot waive it.

The favorable portion of Attorney Rissman's and Mr. Mongan's exchange that defense counsel "gave the options," that the insured "understands the options and is on board," and that "[h]e supports whatever decision [State Farm] makes[,]" have been produced in the claim file and repeated through State Farm's witnesses to prove that Mr. Mongan was advised of and endorsed the decision to let the Rein proposal for settlement expire. Yet the plaintiffs have been unable to inquire into the extent of Mr. Mongan's understanding of the options or the basis of his support for State Farm's decision. This one-sided

use of privileged communications is improper. Thus, Mr. Mongan and Attorney Rissman are compelled to answer questions about the basis for State Farm's assertions regarding Mr. Mongan's understanding and support of the decision regarding the proposal for settlement.

## III. CONCLUSION

Accordingly, the plaintiffs' motion to compel (Doc. 58) is **GRANTED**. Mr. Mongan and Attorney Rissman, Esq. must provide responses to questions limited to those concerning the basis for the assertions that the consequences of allowing the Rein proposal for settlement to expire were explained to Mr. Mongan and that he understood and agreed to that decision.

**ORDERED** in Tampa, Florida, on November 20, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge